IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESMOND MURPHY,

                    Plaintiff,

   v.

THOMAS POLLARD, CHRISTOPHER                OPINION and ORDER
OSGOOD, CHARLES WEILEY,
MS. MACE, TAMMI L. STAEHLER,                     22-cv-548-wmc[1]
JASON J. SPANBAUER, WILLIAM F.
MCCREEDY, MICHAEL L. SHOWERS,
and MELISSA M. RABAS,

                    Defendants.

---

Pro se plaintiff Desmond Murphy is incarcerated at Green Bay Correctional Institution. He alleges that he fell backward off his seat at a dayroom table, injuring his head, neck and back. Murphy filed this lawsuit in the Circuit Court for Dane County, Wisconsin. Defendants Weiley, Pollard, and Osgood removed the case to this court. The additional proposed defendants have not yet been served.

Nonetheless, because Murphy is incarcerated, the next step for me is to screen Murphy's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Because Murphy's complaint does not comply with the Federal Rules of Civil Procedure, I will dismiss his claims and give him a short time to file an amended complaint.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

Murphy was incarcerated at Kettle Moraine Correctional Institution at all times relevant to his complaint. There, Building Ground Supervisor Tammi L. Staehler oversees maintenance workers Jason Spanbauer and Michael Showers.

On January 11, 2019, Murphy was playing cards at a dayroom table with several other inmates. Murphy's seat broke away from the table, causing him to fall backward and hit his head against the concrete floor. Correctional Officer Charlie Weiley radioed for help and closed the dayroom as Lieutenant Christopher Osgood and four other officers arrived with a nurse to evaluate and treat Murphy. Murphy was sent to the hospital where he was diagnosed with a head injury and a neck and back sprain. Because Murphy experienced constant headaches and shooting pain through his neck, back, and right shoulder, he was medically restricted from work detail.

Weiley issued Murphy a conduct report charging Murphy with damaging property. Social Worker Melissa Rabas told Weiley that several inmates had heard Murphy say he was going to break his seat because it was already loose. Weiley then reviewed video footage of the incident and concluded that Murphy had been bouncing on the seat right before it broke away from the table. Murphy was found not guilty of the charge at the disciplinary hearing.

Ms. Mace approved a work order to repair the seat after the incident, and the seat was repaired.

ANALYSIS

Murphy brings this lawsuit under 42 U.S.C. § 1983 and invokes various legal theories, including retaliation, cruel and unusual punishment, inadequate medical care, and state-law

negligence. I cannot allow Murphy to proceed under any of these theories because his complaint violates the Federal Rules of Civil Procedure.

Rule 8 requires the plaintiff to allege enough facts to support a claim under federal or state law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Murphy contends that Weiley and Rabas falsely accused him of breaking his stool, but allegations that the charge in a conduct report is false do not support a constitutional claim under § 1983. False conduct reports do not create a procedural due process claim because an inmate has ability to litigate the truthfulness of the report through the hearing process. *Lagerstrom v. Kingston*, 463 F.3d 621, 624–25 (7th Cir. 2006). And while Murphy claims the report was retaliatory, he does not allege that he was engaged in activity protected by the First Amendment or that he suffered any deprivation because of charges that were not substantiated. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (listing the elements of a First Amendment retaliation claim); *see also Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action").

Murphy cannot proceed on any medical care claims either. He contends that he received "inadequate treatment for his pain" and could not work. Dkt. 1-1 at 10. This allegation is too conclusory for Murphy to state a viable § 1983 claim in that Murphy does not describe what treatment he received or indicate who was involved in making decisions about his treatment. To be liable under § 1983, a defendant must have some personal involvement in the constitutional deprivation. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003). Nor can I infer that Weiley, Osgood, or any other prison staff who responded immediately to Murphy's injury and sent him to the hospital for treatment ignored Murphy's

serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (the Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners).

Murphy alleges that the seat was not repaired for several days after his injury. Dkt. 1-1 at 10. This allegation is also too conclusory for Murphy to state a viable federal or state-law claim. The Eighth Amendment prohibits prison officials from consciously disregarding a "substantial risk of serious harm" to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Under Wisconsin law, a claim for negligence requires "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. Murphy's allegations do not suggest that any defendant knew the seat was loose but did nothing about the problem before he sat on the seat.

Finally, Rule 8 also requires the plaintiff to provide fair notice to each defendant about what he or she did wrong. In this case, Murphy does not explain in his complaint why he sued Pollard or McCreedy, who are listed in the caption. If these defendants are being sued because they are supervisors, supervisors cannot be liable under § 1983 merely because their employees committed misconduct. *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). Murphy must explain how each defendant was personally involved in violating his rights.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Because Murphy's current allegations are so sparse, it remains possible that he could add allegations stating a federal claim for relief about his injuries. I will give Murphy a short time to submit an amended complaint. He should file his new complaint on the court's complaint form, which I will have the clerk of court send him.

In drafting his amended complaint, Murphy should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional or state-law violation.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

- Refrain from filing exhibits with his complaint. I will not consider information contained in attachments.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

If Murphy files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff Desmond Murphy's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2. Plaintiff may have until October 27, 2022, to file an amended complaint that complies with Rule 8 as set forth above. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order.

3. If plaintiff does not file an amended complaint by that deadline, the clerk of court is directed to close this case.

Entered October 6, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge