IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESMOND MURPHY,

          Plaintiff,

v.

MS. MACE, TAMMI L. STAEHLER, JASON J. SPANBAUER, and MICHAEL L. SHOWERS,

          Defendants.

OPINION AND ORDER

22-cv-548-wmc

---

*Pro se* plaintiff Desmond Murphy is incarcerated at Green Bay Correctional Institution. He alleges that while he was incarcerated at Kettle Moraine Correctional Institution, he fell backward off his seat at a dayroom table and injured his head, neck, and back because defendants failed to properly maintain the tables in good repair. Murphy and defendants have both moved to transfer this case to the Eastern District of Wisconsin under 28 U.S.C. § 1404(a). (Dkt. ##15, 19.)

The court will grant the motions. District courts have the discretion under 28 U.S.C. § 1404(a) to transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, and in the interest of justice. Venue would have been proper in the Eastern District because the alleged events took place there at Kettle Moraine in Plymouth, Wisconsin. *See* 28 U.S.C. § 1391(b)(2) (venue is proper where a substantial part of events giving rise to a lawsuit occurred). Moreover, defendants Staehler, Spanbauer, and Showers assert without dispute that they have each resided in the Eastern District since before the alleged incident underlying this case

occurred.[1]  *See id.* § 1391(b)(1) (venue is proper where one or more of the defendants reside if they are all residents of the same state).

The parties agree that the Eastern District is the more convenient forum, as does the court.  The convenience inquiry generally focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum" as well as "the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).  Murphy is incarcerated at Green Bay, which is in the Eastern District. As noted, that is the district where the events giving rise to Murphy's claims occurred and where Staehler, Spanbauer, and Showers represent that they also reside, as do "many material witnesses."  (Dkt. #15 at 2.)

The interest of justice factor does not weigh against a transfer.  This inquiry "relates to the efficient administration of the court system," focusing on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978.  This court and the Eastern District are equally equipped to address the substance of Murphy's claims, and the community in the Eastern District has a greater interest in resolving matters involving Kettle Moraine.  Transfer of

---

[1] Defendants have notified the court that Ms. Mace is deceased, and they make no assertions about where she lived.  (Dkt. ##12, 16.)  On February 27, 2023, the court ordered the Wisconsin Department of Justice to identify the proper party to be substituted for Ms. Mace under Federal Rule of Civil Procedure 25(a) and to serve notice on that party.  (Dkt. #18.)

2

this case to the Eastern District of Wisconsin is therefore warranted under § 1404(a).

ORDER

IT IS ORDERED that:

1) Defendants' motion to transfer (dkt. #15) and plaintiff's motion to transfer (dkt. #19) are GRANTED.

2) This case is TRANSFERRED to the Eastern District of Wisconsin.

3) The clerk of court is directed to send plaintiff a copy of this order.

Entered this 17th day of March, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge